Matter of Hersh (2020 NY Slip Op 03783)





Matter of Hersh


2020 NY Slip Op 03783


Decided on July 8, 2020


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
RUTH C. BALKIN
CHERYL E. CHAMBERS, JJ.


2019-01023

[*1]In the Matter of John H. Hersh, an attorney and counselor-at-law, Grievance Committee for the Ninth Judicial District, petitioner; John H. Hersh, respondent. (Attorney Registration No. 1799477)



DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Ninth Judicial District. The Grievance Committee commenced a disciplinary proceeding pursuant to 22 NYCRR 1240.8 against the respondent by the service and filing of a notice of petition and a verified petition both dated January 14, 2019, and the respondent served and filed a verified answer dated April 4, 2019, in which he requested an opportunity to present evidence in mitigation. Subsequently, the Grievance Committee filed a statement of disputed and undisputed facts pursuant to 22 NYCRR 1240.8(a)(2) dated April 23, 2019, which the respondent did not challenge. By decision and order on motion of this Court dated June 10, 2019, the matter was referred to the Honorable Sondra M. Miller, as Special Referee, to hear and report. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on March 10, 1982.



Gary L. Casella, White Plains, NY (Matthew C. Toal of counsel), for petitioner.
Hersh & Hersh, P.C., Peekskill, NY (Robert Hersh of counsel), for respondent.



PER CURIAM.


OPINION & ORDER
The Grievance Committee for the Ninth Judicial District served the respondent with a verified petition dated January 14, 2019, containing three charges of professional misconduct. Following a pre-hearing conference held on August 1, 2019, and a hearing conducted on September 25, 2019, the Special Referee sustained all the charges. The respondent now moves to confirm the report of the Special Referee, and underscores the recommendation of the Special Referee that the sanction should be mitigated. The Grievance Committee cross-moves to confirm the report of the Special Referee insofar as all charges were sustained, but to disaffirm the report insofar as the report introduced evidence dehors the record.
Charge one alleges that the respondent while representing a client in a domestic relations matter engaged in a consensual sexual relationship with the client, in violation of rule 1.8(j)(1)(iii) of the Rules Professional Conduct (22 NYCRR 1200.0), as follows: The respondent was retained by Ms. B on or about February 7, 2012, to represent her in a domestic relations matter. In or about April 2012, the respondent began a consensual sexual relationship with Ms. B. At the time the sexual relationship began, the respondent was representing Ms. B in the domestic relations matter. The sexual relationship continued for several months while the respondent continued to represent Ms. B in the domestic relations matter. In or about June 2014, Ms. B informed the respondent that he was being replaced as counsel. In or about April 2015, Ms. B commenced a legal malpractice action against the respondent. The malpractice action settled in or about 2016. As part of the settlement, the respondent executed an affirmation (hereinafter Settlement Affirmation) in [*2]which he admitted to entering into a consensual sexual relationship with Ms. B. During an examination under oath conducted at the offices of the Grievance Committee on October 1, 2018, the respondent admitted under oath that he had entered into a consensual sexual relationship with Ms. B while he was representing her in a domestic relations matter.
Charge two alleges that the respondent engaged in conduct prejudicial to the administration of justice, in violation of rule 8.4(d) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows: The respondent admitted in the Settlement Affirmation that he did not keep or maintain bills for Ms. B during the course of the representation. 22 NYCRR 1400.2 provides that a lawyer in a domestic relations matter shall provide the client with a written, itemized bill on a regular basis, at least every 60 days. The respondent failed to comply with 22 NYCRR 1400.2.
Charge three alleges that the respondent failed to maintain complete records of funds of a client coming into his possession, in violation of rule 1.15(c)(3) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows: On or about January 17, 2013, the respondent was granted a power of attorney by Ms. B over her financial affairs. In or about May 2013, the respondent used his power of attorney to cash a check made payable to Ms. B for $6,050. In the Settlement Affirmation, the respondent stated that he provided Ms. B the sum in cash, but acknowledged that "Ms. [B] does not believe this to be the case." The respondent acknowledged that he did not have written proof of the transaction other than the bank records of the transaction, and that he did not obtain a receipt from Ms. B.
In view of the evidence adduced at the hearing and the respondent's admissions, we find that the Special Referee properly sustained the charges. However, we find that the Special Referee improperly annexed an article to her report which was dehors the record. Accordingly, the Grievance Committee's cross motion to confirm in part and disaffirm in part the Special Referee's report is granted, and the respondent's motion to confirm the Special Referee's report is granted insofar as it seeks to sustain the charges.
In determining an appropriate measure of discipline, the respondent's counsel requests the Court to consider in mitigation, the fact that the sexual relationship was consensual and initiated by Ms. B; the respondent at the time was suffering from depression and had separated from his wife; the conduct was aberrational; the respondent is genuinely remorseful; the respondent had obtained an extremely generous settlement in the domestic relations matter for Ms. B; he cooperated with the Grievance Committee's investigation, and accepted full responsibility for his actions. Additionally, except for a recent admonition, the respondent had an unblemished disciplinary history in his 30 years of practice. Notwithstanding the mitigation advanced, the respondent knowingly violated rule 1.8(j)(1)(iii) of the Rules of Professional Conduct (22 NYCRR 1200.0) in contravention of this State's strong public policy against sexual relations between an attorney and his or her domestic relations client.
Under the totality of the circumstances, we find that the respondent's conduct warrants his suspension from the practice of law for a period of 18 months.
SCHEINKMAN, P.J., MASTRO, RIVERA, BALKIN, CHAMBERS, JJ., concur.
ORDERED that the Grievance Committee's cross motion to confirm in part and disaffirm in part the Special Referee's report is granted, and the respondent's motion to confirm the Special Referee's report is granted insofar as it seeks to sustain the charges; and it is further,
ORDERED that the respondent, John H. Hersh, is suspended from the practice of law for a period of 18 months, commencing August 7, 2020, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than August 9, 2021. In such application (see 22 NYCRR 1240.16, 691.11), the respondent shall furnish satisfactory proof that during the period of suspension he (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and provisions of the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11(a), and (4) otherwise properly conducted himself; and it is further,
ORDERED that the respondent, John H. Hersh, shall promptly comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is [*3]further,
ORDERED that, pursuant to Judiciary Law § 90, during the period of suspension and until such further order of this Court, the respondent, John H. Hersh, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, John H. Hersh, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court