Matter of Maria (2022 NY Slip Op 03117)





Matter of Maria


2022 NY Slip Op 03117


Decided on May 11, 2022


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 11, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
BETSY BARROS
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI
CHERYL E. CHAMBERS, JJ.


2019-13003

[*1]In the Matter of Joseph A. Maria, admitted as Joseph Anthony Maria, an attorney and counselor- at-law. Grievance Committee for the Ninth Judicial District, petitioner; Joseph A. Maria, respondent. (Attorney Registration No. 1515873)



DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Ninth Judicial District. The Grievance Committee commenced this disciplinary proceeding pursuant to 22 NYCRR 1240.8 against the respondent by service and filing of a notice of petition and a verified petition, both dated October 24, 2019, and the respondent served and filed a verified answer dated November 22, 2019. By decision and order on application of this Court dated February 14, 2020, the matter was referred to Norma Giffords, as Special Referee, to hear and report. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on October 22, 1975.



Diana Maxfield Kearse, Acting Chief Counsel, White Plains, NY (Anthony R. Wynne of counsel), for petitioner.
Scalise & Hamilton P.C., Scarsdale, NY (Deborah A. Scalise of counsel), for respondent.



PER CURIAM.


OPINION & ORDER
The Grievance Committee for the Ninth Judicial District served the respondent with a verified petition dated October 24, 2019, containing three charges of professional misconduct. A preliminary conference was held on June 9, 2020, and a hearing was held on July 14, 2020. At the hearing, the respondent denied that he violated the ethical rules and did not present any evidence in mitigation. In a report dated October 30, 2020, the Special Referee sustained charges one and three, but did not sustain charge two. The Grievance Committee moves to confirm so much of the Special Referee's report as sustained charges one and three, and to disaffirm so much of the report as did not sustain charge two. The respondent's counsel filed responsive papers dated April 2, 2021, requesting that the Special Referee's findings be affirmed, that the branch of the Grievance Committee's motion which is to disaffirm charge two be denied, supplemental evidence in mitigation be considered, and discipline no greater than a public censure be imposed. In view of the respondent's admissions and the evidence adduced at the hearing, we find that the Special Referee properly sustained charges one and three, and those charges are sustained, and that the Special Referee properly denied sustaining charge two, and charge two is not sustained.
The Petition
Charge one alleges that the respondent engaged in an impermissible consensual [*2]sexual relationship with a client during the course of his representation in a domestic relations matter in violation of rule 1.8(j)(1)(iii) of the Rules of Professional Conduct (22 NYCRR 1200.0).
The respondent consulted with the complainant in or about October 2011, who was seeking legal advice regarding a matrimonial action for divorce that she was intending to prosecute. Thereafter, from October 2011, to in or about spring of 2012, the respondent had a number of communications with the complainant regarding her matrimonial issues. In or about May 2012, the respondent consulted with the complainant at his law office for a second time regarding her matrimonial matter. Immediately following that consultation, the respondent began a consensual sexual relationship with the complainant. On or about July 1, 2012, the complainant executed a formal retainer agreement with the respondent. On June 26, 2019, the respondent appeared before the Grievance Committee to give sworn testimony. The respondent admitted that he broke the "spirit" of the law but not the "letter" of the law by engaging in a consensual sexual relationship with the complainant.
Charge three alleges that, based upon the foregoing, the respondent engaged in
conduct that adversely reflects on his fitness as a lawyer, in violation of rule 8.4(h) of the Rules of Professional Conduct.
Findings and Conclusion
In view of the respondent's admissions and the evidence adduced at the hearing, that branch of the Grievance Committee's motion which is to confirm so much of the Special Referee's report as sustained charges one and three is granted, and that branch of the motion which is to disaffirm so much of the Special Referee's report as did not sustain charge two is denied.
In determining an appropriate measure of discipline to impose, the respondent requests this Court to impose a sanction no greater than a public censure in view of the mitigation advanced, including, inter alia, the evidence of the family difficulties experienced by the respondent, who was the primary caregiver to his incapacitated wife; the respondent's acceptance of responsibility for his actions; his remorse; the respondent's character letters and community activities; and that no evidence of legal harm suffered by the complainant was presented. Notwithstanding the mitigation advanced, we find that the respondent violated the ethical rules in "contravention of this State's strong public policy against sexual relations between an attorney and his or her domestic relations client" (Matter of Hersh, 184 AD3d 310, 313). We have also considered, in aggravation, the respondent's extensive disciplinary history consisting of 11 Admonitions and 3 Letters of Caution.
Under the totality of the circumstances, we conclude that the respondent's conduct warrants his suspension from the practice of law for a period of two years (see id).
LASALLE, P.J., BARROS, BRATHWAITE NELSON, IANNACCI and CHAMBERS, JJ., concur.
ORDERED that the branch of the Grievance Committee's motion which is to confirm so much of the Special Referee's report as sustained charges one and three is granted, and charges one and three are sustained, and that the branch of the motion which is to disaffirm so much of the Special Referee's report as did not sustain charge two is denied, and charge two is not sustained; and it is further,
ORDERED that the respondent, Joseph A. Maria, admitted as Joseph Anthony Maria, is suspended from the practice of law for a period of two years, commencing June 10, 2022, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than December 11, 2023. In such application (see 22 NYCRR 1240.16), the respondent shall furnish satisfactory proof that during the period of suspension he (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and provisions of the rules governing the conduct of disbarred or suspended attorneys (see id. § 1240.15), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11(a), and (4) otherwise properly conducted himself; and it is further,
ORDERED that the respondent, Joseph A. Maria, admitted as Joseph Anthony Maria, shall promptly comply with the rules governing the conduct of disbarred or suspended attorneys (see id. § 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, the respondent, Joseph A. Maria, admitted as Joseph Anthony Maria, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Joseph A. Maria, admitted as Joseph Anthony Maria, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Maria T. Fasulo
Clerk of the Court